# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CARLOS PASTOR**, *et al.*, | Civ. No. 11-6688 (WJM) |
| Plaintiffs, | |
| v. | **OPINION** |
| **HOME CARE INDUSTRIES, INC.**, | |
| Defendant. | |

**THIS MATTER** comes before the Court on the parties' Joint Findings of Fact and Conclusions of Law With Respect to the Fairness of the Settlement filed with this Court on September 4, 2013 (hereinafter "Joint Findings", ECF No. 46.) Presently, the Court will adopt those Joint Findings and enter final approval of this Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, collective action settlement, thereby rendering the Joint Stipulation of Settlement and Release (hereinafter "Joint Stipulation", ECF No. 27) enforceable in accordance with the terms of the Joint Findings. In making this determination, the Court notes the following:

(1) This putative FLSA collective action was initiated on November 14, 2011. The putative class consists of a maximum of 143 plaintiffs who were employed as hourly factory workers between August 1, 2009 and August 1, 2012 at Defendant Home Care Industries' ("Home Care's") Clifton, New Jersey location and were underpaid by Defendant for work performed during that time period. As such, the Court finds that these individual plaintiffs are "similarly situated" within the meaning of 29 U.S.C. §

216(b), *see Sperling v. Hoffman-La Roche, Inc.*, 862 F.2d 439, 444 (3d Cir. 1988), *aff'd*, 493 U.S. 165, 110 S.Ct. 482, and that this matter concerns a *bona fide* dispute over FLSA provisions. *Brumley v. Camin Cargo Control, Inc.*, Civ. Action Nos. 08-1798 (JLL), 10-2461 (JLL), and 09-6128 (JLL), 2012 WL 1019337, at *6 (D.N.J. Mar. 26, 2012).

(2) On November 20, 2012, the parties entered into the Joint Stipulation, and on November 29, 2012, the Court signed an order preliminarily approving the terms of the Joint Stipulation and conditionally certified this matter as an FLSA collective action (hereinafter "Conditional Certification", ECF No. 29).

(3) Under the terms of the Joint Stipulation, Defendant Home Care agreed to pay no more than $190,000.00 (comprised of $130,000.00 in wages to be distributed to all plaintiffs who opted in to the putative class; and $60,000.00 in attorneys' fees and costs).

(4) As a result of this Court's Conditional Certification, Defendant Home Care immediately paid plaintiffs $36,063.99 (comprised of a $11,063.99 payment of wages for the nine plaintiffs who opted into the putative class prior to the date of the Conditional Certification; and $25,000 for Plaintiffs' counsel for attorneys' fees and costs).

(5) Plaintiffs' counsel thereafter appropriately notified all other potential Plaintiffs in the putative class of their rights under the terms of the Joint Stipulation and as a result, approximately 55 plaintiffs have opted in to the putative class (the "Opt-In Plaintiffs").

(6) Thereafter, on March 18, 2013, Plaintiff's counsel filed a letter with the Court indicating that Defendant ceased operations, was in the process of liquidating its assets, and would likely be unable to fund settlement of this matter as set forth in the Joint Stipulation ("Defendant's Liquidation").

(7) In light of Defendant's Liquidation, the parties engaged in arms-length negotiations and were able to reach an amicable resolution under the circumstances, where, upon final approval of this FLSA collective action by the Court, plaintiffs will immediately receive $25,000.00 to satisfy a *pro rata* amount of what is owed to them under the Joint Stipulation, and, if and when Defendant is able to pay the remainder of the amount set forth the in the Joint Stipulation, Plaintiffs' counsel will distribute all such funds to the Opt-In Plaintiffs, until the full $130,000.00 owed to them has been satisfied, and only then will Plaintiff's counsel be entitled to collect the remaining $35,000.00 in attorneys' fees and costs owed to them (the "Complete Settlement Terms").

(8) On July 31, 2013, the Court held a fairness hearing on the Complete Settlement Terms.

(9) After considering the fairness of the Complete Settlement Terms using the factors set forth in *Girsh v. Jepson*, 521 F.2d 153, 156 (3d Cir. 1975)[1] – including that there was no adverse reaction by class members to the Complete Settlement Terms, that

---

[1] *See Brumley v. Camin Cargo Control, Inc.*, Civ. Action Nos. 08-1798 (JLL), 10-2461 (JLL), and 09-6128 (JLL), 2012 WL at *5 (D.N.J. Mar. 26, 2012) (applying *Girsh* factors to assess fairness of FLSA collective action certification).

Defendant's ability to withstand a greater judgment is highly unlikely, and that the Complete Settlement Terms therefore appear to constitute the best possible recovery for the Opt-In Plaintiffs[2] – the Court finds that the Complete Settlement Terms constitute a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions. *Lynn's Food Stores. Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir.1982); *Bredbenner v. Liberty Travel, Inc.*, 2011 WL 1344745 (D.N.J. Apr. 8, 2011).

      (10)    Finally, the Court notes Plaintiffs' counsel are entitled to reasonable attorneys' fees to compensate them for their work in recovering unpaid wages on behalf of a class under the FLSA. 29 U.S.C. § 216(b). To determine the reasonableness of an attorneys' fee award in a FLSA collective action, judicial review is required "to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Brumley v. Camin Cargo Control, Inc*, 2012 WL at *9-10 (D.N.J. Mar. 26, 2012) (citing *Silva v. Miller*, 307 Fed. App'x 349, 351 (11th Cir. 2009). Here, under the Complete Settlement Terms, Plaintiffs' counsel is ultimately entitled to $60,000.00 out of a total possible award of $190,000.00, or 31.5%. This percentage-of-recovery method has been accepted

---

[2] The complete list of *Girsh* factors includes: (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation. *Girsh* at 156.

as an established approach to evaluating the award of attorneys' fees in the Third Circuit. *In re Rite Aid Corp. Securities Litigation*, 396 F.3d 294, 300 (3d Cir. 2005). Thus, for substantially the same reasons set forth in *Brumley*, 2012 WL at *9-10 (D.N.J. Mar. 26, 2012), the Court finds the attorneys' fees requested in this action – approximately one-third of the common fund amount – to be reasonable under the percentage-of-recovery method.

Based on these considerations, the Court will enter final approval of this Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, collective action settlement.

s/William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: September 12th, 2013**